**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Computershare Trust Company, National Association, as Trustee for the Certificateholders of BBCMS Mortgage Trust 2023-C19, Commercial Mortgage Pass-Through Certificates, Series 2023-C19, acting by and through K-Star, as Special Servicer,**

**Plaintiff,**

**-against-**

**Starwood Mortgage Capital LLC,**

**Defendant.**

Case No. 1:26-cv-01695-JGK
Judge John G. Koeltl

**PROTOCOL FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

WHEREAS Plaintiff Computershare Trust Company, National Association, as Trustee for the Certificateholders of BBCMS Mortgage Trust 2023-C19, Commercial Mortgage Pass-Through Certificates, Series 2023-C19, acting by and through K-Star, as Special Servicer ("Plaintiff") and Defendant Starwood Mortgage Capital LLC ("Defendant"), which may be referred to herein as the "Parties" or separately, as a "Party," have conferred and agreed that a stipulation concerning the production of electronically stored information ("ESI") and metadata would promote the efficient conduct of this litigation;

IT IS hereby STIPULATED AND AGREED, by and between the Parties, through their respective attorneys of record, and subject to the approval of the Court, as follows:

## I. Purpose and Scope

This Stipulated Order Regarding the Discovery of ESI (the "ESI Order") governs discovery of ESI in this Action and incorporates the Federal Rules of Civil Procedure, the Local Rules for

the United States District Courts for the Southern and Eastern Districts of New York, and any other applicable orders or rules, and, as set forth herein, supplements those sources of authority.

If a provision of the ESI Order conflicts with the terms of the Stipulation and Protective Order ("Protective Order"), entered in this Action, the Protective Order will control absent further order of the Court. Unless otherwise provided, the ESI Order supersedes all prior instructions and requests concerning the format and manner of production of Discovery Documents.

This ESI Order is without prejudice to a Party's right to request additional ESI or information if it can demonstrate that the requested ESI or information is relevant and not unreasonably cumulative of ESI and information already produced. A Party can object to the scope of the additional ESI or information sought pursuant to the Federal Rules of Civil Procedure 26(b)(1) and applicable caselaw. This ESI Order does not address or resolve any objection to the scope of the Parties' respective discovery requests or waive any objections to discovery or admissibility, or any privileges or immunities. Each Party reserves the right to challenge the sufficiency of a Producing Party's production. If the Parties cannot reach agreement, any dispute may be presented to the Court. By allowing a Party the right to reserve its objection, no Party agrees, either explicitly or implicitly, that such objection is legitimate.

## II. Production of ESI

Production of any ESI shall be made in accordance with the following specifications:

### A. Production of TIFF images

Except as otherwise provided for herein, ESI shall be produced as Group IV, single-page tagged image file format ("TIFF") files, imaged at 300 dots per inch ("DPI"). If color is reasonably necessary to understand the meaning, context, and/or content of the ESI, the receiving party shall notify the producing party and the producing party shall

produce the ESI as single-page joint photographic experts group ("JPG") files, imaged at 300 DPI.

1. Bates Stamp: Each page of ESI produced will be affixed with a unique Bates stamp identifier as well as any confidentiality designation made by the producing party.

2. File Name: Each TIFF and JPG file shall be given a file name that matches the Bates number labeled on the corresponding page.

3. Redactions: Any information that is redacted from ESI on any basis shall be labeled to show the redactions on the TIFF or JPG image. Redactions must be recorded on a privilege log that must be produced within three weeks of the production with which it is associated. The Parties may adjust this deadline by stipulation without Court order.

4. Production Folder: Each production of ESI shall include a standalone folder or directory entitled "IMAGES" that contains each TIFF image being produced.

**B. Production of Text Files**

ESI shall be produced with an associated set of text-searchable files, as follows:

1. Unredacted Documents: For ESI that will be produced without redactions, the full text from the body of each document will be extracted and produced in a separate, word-searchable .txt file that shall be given a file name that matches the beginning Bates number of the document.

2. Redacted Documents: For ESI that will be produced with redactions, the full text from the body of each document, as redacted, will be extracted or reproduced with Optical Character Recognition ("OCR") software and

produced in a separate, word-searchable .txt file that shall be given a file name that matches the beginning Bates number of the document.

3. Production Folder: Each production of documents shall include a standalone folder or directory entitled "TEXT" that contains each .txt file associated with the production.

**C. Production of Native Files**

All audio/visual files, spreadsheets, CAD drawings, and any other files that cannot be converted to TIFF format will be produced in native format as follows:

1. Production Placeholder: For each ESI produced natively, a single-page placeholder sheet shall be created corresponding to that document. The placeholder sheet shall bear the text "Produced in Native Format" and shall include a Bates stamp and, where applicable, confidentiality designation. The production placeholder shall be produced in accordance with Paragraphs II.A-B, *supra*.

2. Redactions: If Documents produced in native format require redactions, they are to be produced either in redacted TIFF format in accordance with Paragraphs II.A-B, *supra*, or in redacted native format using a native redaction tool created for the purpose. If a native document is produced with redactions, any hidden data or fields in the file shall be revealed prior to conversion to TIFF and prior to redaction.

3. Unreadable Files Exception: If a party produces ESI in a native format that is unreadable to systems or software reasonably available to the receiving party, the parties shall meet-and-confer concerning a possible

means of producing the data, or making it reasonably available, in a readable format.

4. Production Folder: Each production of documents shall include a standalone folder or directory entitled "NATIVES" that contains each natively produced file associated with that production.

**D. Image Load File**

Each production shall include an image load file (Opticon file) that contains the document boundaries associated with the production.

**E. Document Metadata**

Each party shall extract and produce a .dat file that contains the following metadata for each ESI document, if available and reasonably accessible:

| Field | Description |
|---|---|
| Bates_Begin | The Bates number of the first page of the document |
| Bates_End | The Bates number of the last page of the document |
| Attach_Begin | The Bates number of the first page of a family of documents |
| Attach_End | The Bates number of the last page of a family of documents |
| Number of Attachments | Total number of records attached to the document |
| File Name | The file name of the document |
| File Type | Description of document file. |
| File Extension | File extension of the document |
| Time_Zone | The time zone associated with the document |
| Sent_Date | The sent date of the message |
| Sent_Time | The sent time of the message |
| Received Date | The received date of the message |
| Received Time | The received time of the message |
| Create_Date | For non-email ESI only, the creation date or operating system creation date of the document |
| Create_Time | For non-email ESI only, the creation time or operating system creation time of the document |
| Modified_Date | For non-email ESI only, the last modified date or operating system last modified date of the document |
| Modified_Time | For non-email ESI only, the last modified time or operating system last modified time of the document |
| Author | For non-email ESI only, the author of the document |
| From | The sender of the document, if applicable |

| | |
|---|---|
| To | The recipient(s) of the document, if applicable, in a semicolon delimited, multi-value list |
| CC | The copy recipient(s) of the document, if applicable, in a semicolon delimited, multi-value list |
| BCC | The blind-copy recipient(s) of a document, if applicable, in a semicolon delimited, multi-value list |
| Email Subject | The subject line of the email |
| Custodians | The custodian in whose file the document was found |
| All Custodians | All owners of the document |
| Original_Filepath | The path to the email in the mailbox or stand-alone e-file |
| MD5 | The calculated MD5 hash value of the document |
| Native_File | For natively produced files only, the file path to the location of the native file |
| Conf_Desig | The confidentiality designation of the document, if applicable |
| Text_Path | The file path to the location of the text file in the production volume |
| File Size | Size of file in KB |
| Page count | Number of pages in a document. |
| REDACTED | The redacted status of the document. |
| Conversation Index | Email/text thread identification |

1. Time Zone: The metadata produced by the Parties for all ESI will reflect Eastern Standard Time ("EST").

2. Privileged Material: Any metadata fields containing privileged information may be redacted, but must be recorded on a privilege log that must be produced within three weeks of the production with which it is associated. The Parties may adjust this deadline by stipulation without Court order.

3. Family Relationships: Family relationships between ESI (*i.e.*, the association between an attachment and its parent document) shall be preserved to the extent available and reflected in the produced metadata (*i.e.*, in the fields Attach_Begin and Attach_End).

**F. De-Duplication**

The parties shall not produce identical, duplicate copies of the same ESI. To determine the existence of duplicates each party shall perform duplicate consolidation across each production of documents, using the MD5 hash algorithm, producing a single unique copy of each ESI document (whether it be an email with attachments or another type of standalone file). An email that includes content on the "BCC" or other blind copy field will not be treated as duplicate of an email that does not include content in the "BCC" or other blind copy field, even if all remaining content in the email is identical. To the extent identical, duplicate copies of the same ESI document are removed from production, all the custodians of the same ESI document (whether removed or produced) shall be identified in the "All Custodians" metadata field in the single unique copy of the same ESI document that is produced.

**G. Email Threading**

The parties may produce most inclusive email thread members. The parties shall not withhold from production any attachments to responsive, non-privileged documents, and complete families must be produced, with the exception that privileged material may be redacted or withheld..

**H. Password Protection**

Reasonable efforts shall be made to remove any password protection or encryption prior to production.

**I. Retention of Original Documents**

Each party shall retain native electronic source documents for all electronically stored information produced in this litigation. Each party will use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata

associated with these electronic materials as it existed as the time of the original production in the event the review of such metadata becomes necessary.

**J. Text Messages, Chats, and Instant Messages**

Text messages, chats, and instant messages, will be produced such that individual messages are grouped into threads (*i.e.*, continuous conversations between one or more individuals) of 24 hours to allow for the context of conversations to be visible. A Party may make a particularized request for the production of additional messages in the thread where additional messages are reasonably necessary to the Document's comprehension or use, and such request shall not unreasonably be denied.

Each party shall produce the following metadata fields for text messages, chats, and instant messages, in addition to those in Paragraph II.E., *supra*, if available and reasonably accessible:

| Field | Description |
| --- | --- |
| Relativity AttachmentID | A system field that the Short Message Viewer uses to provide enhanced support for attachments and avatars |
| RSMF Application/Platform | This is used to identify the source of the data. |
| RSMF Begin Date | The time stamp (ISO8601) of the earliest short message event within the file. |
| RSMF End Date | The time stamp (ISO8601) of the latest short message event within the file. |
| RSMF Event Count | The number of short message events captured within the file. |
| RSMF Event Collection ID (CHAT GROUP ID) | This field should be a unique ID that is to be used to help keep many RSMFs from a single conversation together. |
| RSMF Participants | Contact information of all participants extracted from the TXT or CHAT as produced |
| TXT_Deleted State | To indicate a participant changed or removed that message from the conversation |
| TXT_Missing Attachment | Indicates if the message has missing attachments. |

## III. Production of Paper Documents

Production of any hard-copy or paper files or documents ("Paper Files") shall be made in accordance with the following specifications:

### A. Form of Production

Paper Files shall be scanned and produced as Group IV, single-page TIFF files imaged at 300 DPI, in accordance with Paragraphs II.A, B, & D, *supra*. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records.

### B. Document Metadata

Each party shall produce a .dat file that contains the following metadata for each Paper Files document, if available and accessible:

| Field | Description |
|---|---|
| Bates_Begin | The Bates number of the first page of the document |
| Bates_End | The Bates number of the last page of the document |
| Attach_Begin | The Bates number of the first page of a family of documents |
| Attach_End | The Bates number of the last page of a family of documents |
| Custodian | The custodian in whose file the document was found |

1. Privileged Material: Any metadata fields containing privileged information may be redacted, but must be recorded on a privilege log that must be produced within three weeks of the production with which it is associated. The Parties may adjust this deadline by stipulation without Court order.

2. Family Relationships: Family relationships between documents (*i.e.*, the association between an attachment and its parent document) shall be preserved to the extent available and reflected in the produced metadata (*i.e.*, in the fields Attach_Begin and Attach_End).

## IV. Issues of Privilege

### A. Attorney-Client Privileged Information or Attorney Work Product

With respect to attorney-client privileged information or attorney work product information generated by, for, or on behalf of litigation counsel in this Action after September 19, 2025, the parties are not required to include any such information in privilege logs.

### B. Information Deemed to be Attorney-Client Privileged or Attorney Work Product

If documents are withheld on the grounds of attorney-client privilege, work-product doctrine, common interest/joint defense, or other recognized protections from disclosure (collectively, "privilege"), the withholding Party will replace such documents (withheld due to privilege) that are within responsive families with a slipsheet that says "Document Withheld for Privilege" such that the production remains family complete. Complete families of documents withheld entirely for privilege are not required to be slip-sheeted. These families and any documents withheld for privilege are to be included on one or more document-by-document privilege logs that comply with Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The privilege logs are to be created and maintained in Microsoft Excel. The parties may employ automated electronic processes to create and populate their privilege logs, including to populate the entries describing the general subject matter of the document, so long as those processes reflect individualized privilege determinations made by counsel after an individualized review of the documents being withheld. A privilege log must be produced within three weeks of the production with which it is associated. The Parties may

adjust this deadline by stipulation without Court order. The Privilege log should include the below information, where applicable:

- Bates_Begin and Bates_End or other document identifier
- Custodian(s)
- File Name or Email Subject or similar field
- Sent or Received Date
- Author, sender, and all recipients
- Privilege type
- Privilege description
- Redacted or withheld indicator
- File Type or Extension

**C. Document Counts**

All document counts will be conducted following the de-duplication processes described above. The production of any ESI or other discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is attorney-client privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection.

By: /s/Stephen L. Ascher
JENNER & BLOCK LLP
Stephen L. Ascher
Dylan S. Madoff
1155 Sixth Avenue
New York, New York 10036
212-891-1670
sascher@jenner.com
dmadoff@jenner.com

*Counsel for Plaintiff*

Dated: September 16, 2026

By: /s/ Edward E. Filusch
KASOWITZ LLP
Edward E. Filusch
Sarah F. Lyon
1633 Broadway
New York, NY 10019
212-506-1700
efilusch@kasowitz.com
slyon@kasowitz.com

*Counsel for Defendant*

Dated: September 17, 2026

IT IS SO ORDERED.

Dated: 9/18/26

Hon. John G. Koeltl, U.S.D.J.