**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Computershare Trust Company, National Association, as Trustee for the Certificateholders of BBCMS Mortgage Trust 2023-C19, Commercial Mortgage Pass-Through Certificates, Series 2023-C19, acting by and through K-Star, as Special Servicer,**

Plaintiff,

-against-

**Starwood Mortgage Capital LLC,**

Defendant.

Case No. 1:26-cv-01695-JGK
Judge John G. Koeltl

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS Plaintiff Computershare Trust Company, National Association, as Trustee for the Certificateholders of BBCMS Mortgage Trust 2023-C19, Commercial Mortgage Pass-Through Certificates, Series 2023-C19, acting by and through K-Star, as Special Servicer and Defendant Starwood Mortgage Capital LLC, which may be referred to herein as the "Parties" or separately, as a "Party," are engaged in pretrial discovery in the above-captioned litigation;

WHEREAS, certain discovery, including but not limited to documents that are produced, responses to interrogatories, responses to requests for admissions, and deposition testimony, may contain confidential, private, proprietary, and/or trade secret or other sensitive business information;

WHEREAS, the disclosure of such confidential information could, among other things, violate a Party's or the Parties' privacy interests and/or place a Party or the Parties at a serious competitive disadvantage in the marketplace; and

WHEREAS, the Parties wish to provide a mechanism for the exchange of confidential information in a manner that will protect their confidentiality and limit their dissemination; and

WHEREAS, federal law provides for the protection of confidential and trade secret information, including the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances and provide for the filing under seal of confidential and trade secret information;

NOW, THEREFORE, THIS 16th DAY OF SEPTEMBER, 2026, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their respective attorneys of record, and subject to the approval of the Court, as follows:

1. This Stipulation and Protective Order ("Confidentiality Agreement" or "Order") shall govern all documents, things, and information produced or provided by the Parties, non-Parties, and their respective representatives in the above-captioned case that are designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order, and any copies, summaries, pleadings, transcripts, or other documents containing quotations or references thereto or information contained therein. Without prejudice to the right of a Party to object to the production of the following information or of a Party to seek production, the information subject to such designations shall include the producing Party's:

a) Current or past business planning and financial information;
b) Operating statements or reports;
c) Trade secrets;
d) Past or current personnel or employee information;
e) Corporate financial statements;
f) Current and past marketing plans or methods;
g) Financial information not publicly filed with any federal or state regulatory authorities;
h) Confidential or sensitive customer information;

i) Information of a personal or intimate nature regarding any individual;

j) Information that is subject to a contractual or other duty of confidentiality owed to a third party; and

k) Other confidential information the disclosure of which is likely to cause competitive or commercial injury to the producing Party

(collectively hereinafter referred to as "Confidential Information"). By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" under the terms of this Order, the Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

2. The information subject to a "CONFIDENTIAL—ATTORNEY'S EYES ONLY" designation shall include any material that the Producing Party (or its counsel) reasonably and in good faith believes to contain highly sensitive, non-public information, the disclosure of which, even limited to the restrictions placed on the information designated as "CONFIDENTIAL," would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

3. Each page of each document produced pursuant to discovery in this action shall bear a unique identifying number. It shall be the duty of the Party or non-Party who contends that materials are to be treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" to mark such information with the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

4. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Each Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information.

5. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Order and remedying any violations of it.

6. Information designated as "CONFIDENTIAL" may be used only for purposes of prosecuting or defending this action, including mediation, arbitration, other settlement proceedings or negotiations or for appeal, and may not be disclosed to any person other than:

a. The Parties' in-house counsel, and paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the Parties' in-house counsel, that are actively participating in and have direct responsibility regarding this action;

b. The Parties' outside counsel retained for this action, and the paralegals, legal assistants, clerical, secretarial, and other staff employed or retained by the Parties' outside counsel;

c. The Parties and any of their officers, directors and employees who are assisting counsel in this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance;

d. Court reporters and videographers while in the performance of their official duties;

e. Independent experts, consultants, or vendors retained by any Party in order to assist that Party's counsel in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance, and that such persons may retain Confidential Information only so long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this action; and provided that, in any event, all copies of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be returned by such persons to the producing Party or destroyed not later than sixty (60) days after the final determination of this litigation, whether by settlement, judgment, or appeal;

f. This Court or a referee or any other Court-appointed person before whom or which this litigation is pending, including any court personnel, and/or any other person and/or entity as ordered by the Court;

g. The person(s) who authored the Confidential Information, or who received such Confidential Information in the ordinary course of business;

h. Witnesses and deponents;

i. Mediators, and/or any other neutrals, appointed to conduct any settlement proceedings or negotiations between the Parties; and

j. Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure, or

k. Except as may be required of the parties or their affiliates as part of their reporting responsibilities.

7. Information designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" may be used only for purposes of prosecuting or defending this action, including mediation, arbitration, other settlement proceedings or negotiations or for appeal, and such documents and materials, and the information contained therein, shall be kept confidential and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than a person or entity enumerated in subparagraphs, 6(b), 6(d), 6(e), 6(f), 6(g), or 6(i), except with the express written consent of the Producing Party; provided, however, that no greater than two (2) attorneys from each Party's in-house legal department, that are actively participating in and have direct responsibility regarding this action, may view materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY." Accordingly, whenever any documents, information, or other materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

8. Any copies of information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom such information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

9. Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

10. Prior to the disclosure, to any person identified in subparagraphs 6(e), 6(h), 6(i), or 6(j) herein, of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," information derived therefrom, or any other documents or materials reflecting or disclosing any such material, such person shall be furnished with a copy of this Order and shall be required to execute the certificate attached as **Exhibit A** hereto and be advised that he or she will be subject to this Order.

11. Counsel for the Party disclosing Confidential Information shall maintain these written certifications, and opposing counsel may request copies to be produced within 60 days after final determination of this litigation, whether by settlement, judgment or appeal.

12. Insofar as anyone who is not a Party produces documents to one or more of the Parties, any Party can designate such documents as being "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY." To the extent that any Party is requested to produce, through pretrial discovery or otherwise, Confidential Information of any person or entity that is a non-Party, this Order will not be construed to require any Party to disclose such Party's or non-Party's Confidential Information in this action. However, it shall be the duty of the designating Party to move for a protective order to prevent such disclosure.

13. In the event that any Confidential Information is used in any Court proceeding, the information shall not lose its confidential status through such use, and the Party using such information shall take all reasonable steps to maintain its confidentiality during such use. Any

Party seeking to use or file documents, communications, transcripts or other materials containing or reflecting Confidential Information shall file a motion or an application for an order sealing the specific record sought to be filed or lodged with the Court, in accordance with all applicable Court rules.

14. Any designation of a portion of deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be made at the time such testimony is given or within thirty (30) days after the Parties' receipt of a transcript of such proceedings, whichever is later. If portions of testimony are to be designated after the deposition is taken, the designating Party must notify the reporter and all counsel of record, in writing, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the designating Party. When the transcripts of testimony designated as being "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" are prepared, the reporter shall place the following legend on the cover of the transcript: "Certain portions of this transcript contain Confidential Information." During the thirty (30) day period following the conclusion of a deposition in which "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" material was disclosed, the entire deposition transcript will be treated as if it had been designated Confidential.

15. Nothing shall prevent disclosure beyond that required under this Order if the producing Party consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure and that order is not subject to an appellate stay within twenty (20) days after it is issued. Such disclosure shall not waive any rights or privileges of any Party granted by this Order.

16. Except as otherwise provided, nothing in this Order shall prevent or restrict counsel for any Party in any way from inspecting, reviewing, using or disclosing any material produced or provided by that Party, including Confidential Information.

17. This Order shall be without prejudice to the right of any Party or non-Party to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege, or whether any particular document or information should or should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" in accordance with the terms of this Order. Neither any Party's failure to object to any designation of information as being "CONFIDENTIAL," nor anything contained in this Order, shall be construed as a waiver of any rights and/or defenses by any Party, including a claim that such information is not confidential and/or protectable, or construed in any manner as an admission by a Party that the documents and/or materials subsequently designated or labeled by another Party and/or non-Party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" in fact contains Confidential Information.

18. Nothing contained in this Order shall be construed to constitute a waiver of a Party's right to claim that a document not designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" is in fact Confidential Information within the terms of this Order, including documents produced by non-Parties. No Party shall be obligated to challenge the propriety of a designation of such information at the time such designation is made, and a failure to make such challenge shall not preclude a subsequent challenge to such designation.

19. If at any time a Party wishes for any reason to dispute a designation of discovery material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," such Party shall notify the designating Party and any other Parties of such dispute in writing, specifying by exact document numbers the material in dispute and the precise nature of the dispute with regard to each such document or other material. If the Parties are unable to amicably resolve the dispute, either Party may apply by motion to the Court for a ruling as to whether the designated material

may, in accordance with applicable law, properly be treated as Confidential Information, provided such motion is made within thirty (30) days from the date on which the Parties, after good faith attempt, cannot resolve the dispute or such other time period as the Parties may agree. The designating Party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation. The challenged information shall remain presumptively confidential during the pendency of the motion.

20. The Parties agree that the inadvertent production of information subject to the attorney-client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, the producing Party shall notify the other Party in writing. Upon receipt of such notice, the receiving Party shall not review such documents further (except for the purposes of identifying them for their return to the disclosing Party and/or destruction) and shall either return all copies of the same to the producing Party or destroy them. No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The producing Party shall provide a privilege log that describes the Privileged Information within one week of providing notice to the receiving Party. The mere fact of the inadvertent production may not be used by the returning Party to support a motion to compel the returned documents. Nothing contained herein is intended to, and/or does, constitute a waiver of any Party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

21. In the event of a hearing or trial in this matter at which any Party or third party intends to present information or materials designated hereunder as Confidential Information, counsel for the Parties, and any third party, as applicable, will meet and confer to determine what safeguards are necessary to protect against the disclosure of the designated information or materials and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties, and any third parties, as applicable,

shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures into the pre-trial order. In the event the Parties are not able to determine what safeguards are necessary to protect against the disclosure of the designated information or materials during the proceedings, each Party reserves the right to bring the issue before the trial judge for further consideration. The Parties stipulate that any Confidential documents provided to the trial judge for review will be submitted under seal.

22. If at any time any Confidential Information protected by this Confidentiality Agreement is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other compulsory process is directed shall give the designating Party written notice of said request (unless prohibited by law from doing so) as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. This notice is intended to enable the designating Party to seek to oppose compliance with the subpoena or other compulsory process.

23. Nothing in this Order shall be read to require a formal order of Court prior to use of designated information, so long as its use is consistent with the terms of this Order. Nothing in this Order is intended to and/or does amend, relieve, and/or affect in any way any Party or non-Party's pre-existing duties to maintain the confidentiality of information that is presently or hereafter in its possession.

24. This Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nothing herein shall prevent any Party from disclosing its own Confidential Information in any manner that it considers appropriate.

25. The terms of this Order shall survive and remain in effect after the termination of this litigation.

26. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this litigation.

27. Except as otherwise may be agreed by the Parties, but not later than sixty (60) days after the final determination of this litigation, whether by settlement, judgment or appeal, all information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be returned to the producing Party or destroyed, except for material reasonably considered by counsel to be their work product. Notwithstanding this obligation, counsel of record for each Party may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information.. Any such copies that contain Confidential Information remain subject to this Order.

28. The laws of the State of New York shall govern this Order without reference to the principles of conflict of laws. The Parties hereto agree to submit any dispute or claim in any way arising out of this Order to the Court presiding over the litigation if the litigation is still pending. If any portion of this Order is deemed unenforceable, the unenforceable portion shall be severed and the remainder of this Order shall remain in full force and effect. This Order shall survive the termination of this action and the Court shall retain jurisdiction following termination of the instant litigation for the purpose of enforcing any provisions of this Order.

**IT IS SO ORDERED**, this the 18 day of September 2026

Hon. John G. Koeltl, U.S.D.J.

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time. So ordered.
John G. Koeltl
U.S.D.J.
9/18/26

CONSENTED TO BY:

/s/Stephen L. Ascher
Stephen L. Ascher
Dylan S. Madoff
JENNER & BLOCK LLP
1155 Sixth Avenue
New York, New York 10036
212-891-1670
sascher@jenner.com
dmadoff@jenner.com

*Counsel for Plaintiff*

/s/ Edward E. Filusch
Edward E. Filusch
Sarah F. Lyon
KASOWITZ LLP
1633 Broadway
New York, New York 10019
212-506-1700
efilusch@kasowitz.com
slyon@kasowitz.com

*Counsel for Defendant*

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO JURISDICTION**

I, ________________________, acknowledge that I have been given a copy of and have read the foregoing Confidentiality Agreement, and I agree to be bound by its terms. I acknowledge and agree that any documents received by me in connection with this matter that have been designated as confidential including, without limitation, those marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" and any copies, excerpts, summaries, abstracts and electronic versions of such documents, shall not be disclosed to and/or discussed with anyone except as expressly provided in the Confidentiality Agreement. I consent to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcing the Confidentiality Agreement and penalizing violations thereof. I understand that my willful violation of any term of the Confidentiality Agreement could subject me to punishment for contempt of Court.

Dated: __________________

_________________________________________

Signature